IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number: _____ |
| ) | |
| TEAM INDUSTRIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

Now comes the Plaintiff, STACY BARRETT, by her attorneys, PRATT & TOBIN, P.C., and for her Complaint against the Defendant, TEAM INDUSTRIAL SERVICES, INC., states the following:

1. That at all times relevant hereto, the Plaintiff, a woman, was a resident of Granite City, Illinois, within the Southern District of Illinois.

2. That this case presents federal questions under federal law and This Court has jurisdiction to hear and decide the case under the provisions of 28 U.S.C. § 1331.

3. That at all times relevant hereto, the Defendant was a corporation, organized and existing under the laws of the State of Texas, which owned and maintained offices in the Southern District of Illinois and did business throughout the Southern District of Illinois and had more than Five-Hundred (500) employees in each of 20 or more calendar weeks in the current calendar year and/or the preceding calendar year.

4. That the occurrences and events alleged in this Complaint occurred in the Southern District of Illinois and/or arose out of Plaintiff's employment with the Defendant in the Southern District of Illinois.

5. That the Defendant hired the Plaintiff as a "Helper" on or about February 22, 2008.

6. That throughout her employment by the Defendant, Plaintiff performed her work properly, received bonuses and promotions, and generally performed her job within the reasonable expectations of the Defendant.

7. That from the beginning of her employment with the Defendant, the Plaintiff was subjected to sexual harassment by some of the other employees, consisting of conduct such as tearing up her work sheets and calling the Defendant's corporate offices with groundless complaints, trying to get her in trouble.

8. That in approximately 2016, a managerial employee of the Defendant named Chad Higgins became Plaintiff's direct supervisor and he remained her supervisor for the remainder of her period of employment by the Defendant.

9. That for the entire period of time during which Higgins was Plaintiff's supervisor, he engaged in a continuing and ongoing course of harassment of the Plaintiff because of her sex, which included the following:

> a. Insulted and humiliated the Plaintiff directly and in front of other employees on numerous occasions by calling her names, such as, "fat," "lazy," a "bitch" and other such insults;
>
> b. Encouraged other employees of the Defendant to join in on the name calling, to refuse to give the Plaintiff any help at work and in general to make life as miserable as possible for the Plaintiff;

 c. Made her working conditions difficult by intentionally assigning Helpers for the Plaintiff who had not received sufficient training and did not know what they were doing on the job;

 d. Made her working conditions difficult by instructing other employees not to assist the Plaintiff on the job;

 e. Made her working conditions difficult by intentionally assigning her jobs which required her to work at heights and to get into tight, confining spaces; and

 f. Said he couldn't wait to get her "fat a**" fired and generally engaged in bullying behavior toward the Plaintiff.

10. That numerous other employees of the Defendant followed the lead of Chad Higgins and would routinely insult and shun the Plaintiff at work.

11. That the harassment inflicted on the Plaintiff by her supervisor and other employees of the Defendant was severe, pervasive and so altered the Plaintiff's working conditions that a hostile work environment was created and she because extremely nervous, agitated, depressed, cried frequently, became unable to function normally and dreaded going to work.

12. That on numerous occasions, Plaintiff reported the harassment and complained to the Defendant regarding the harassment to which she was being subjected, but no action was taken by the Defendant and the harassment continued unabated.

13. That because of the bullying and harassment she experienced, Plaintiff suffered a nervous breakdown in February of 2018, was required to take a leave of absence from her job and in February of 2021 Defendant terminated the Plaintiff from her job, allegedly because of her inability to return to the job.

14. That through its managerial employee, Chad Higgins, and through its other employees, the Defendant intentionally harassed the Plaintiff and created a hostile work environment for the Plaintiff because of her sex.

15. That the Defendant acted intentionally and/or with reckless disregard for Plaintiff's rights.

16. That at all times relevant hereto, there was in full force and effect throughout the United States Title VII of the Civil Rights Act of 1964, including 42 U.S.C. §2000e-2(a)(1), which states that:

> "It shall be an unlawful employment practice for an employer—
>
> '(1) to *** discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *** sex *** '".

17. That as a result of Defendants' discrimination against the Plaintiff because of her sex, as herein alleged, Plaintiff has suffered damages, including a loss of wages, income and employment benefits, emotional pain and suffering, inconvenience, humiliation and the loss of a normal life; furthermore, she has incurred bills for health care for the care and treatment of her emotional and psychological condition; furthermore, she will continue suffering said damages in the future.

18. That on or about October 15, 2018, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue from the EEOC, which was issued on or about September 27, 2022, and has filed this action within 90 days of receiving the Notice of Right to Sue.

19. That a true and correct copy of the Notice of Right to Sue from the EEOC is attached hereto and incorporated herein as "Exhibit A."

WHEREFORE, the Plaintiff, STACY BARRETT, prays for judgment in her favor and against the Defendant, TEAM INDUSTRIAL SERVICES, INC., and that Plaintiff be awarded compensatory and consequential damages in an amount sufficient to compensate her for her losses and punitive damages in an amount sufficient to punish the Defendant and to deter others from acting in a similar manner. Plaintiff further prays for back pay, front pay, attorney fees, costs of experts and litigation and for whatever other equitable relief The Court deems appropriate, plus costs of court.

          PRATT & TOBIN, P.C.

By: /s/ Edward J. Szewczyk
    Edward J. Szewczyk, #2791765
    150 S. Bellwood Drive
    P.O. Box 179
    East Alton, IL 62024
    Telephone: (618) 259-8011
    Facsimile: (618) 259-6793
    ejs@prattandtobin.com

ATTORNEYS FOR PLAINTIFF